UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                Criminal Case No. 24-20592

JIMVHONTEA LEE TURNER,        Sean F. Cox
                                                     United States District Court Judge

    Defendant.
_____/

## OPINION & ORDER DENYING DEFENDANT'S MOTION TO REVOKE DETENTION ORDER (ECF NO. 21)

In this criminal case, Defendant Jimvhontea Lee Turner is charged with being a felon in possession of a firearm. Pretrial Services recommended detention. After holding a hearing, Magistrate Judge Kimberly Altman ordered Turner detained, finding that he was both a flight risk and a danger to the community. On February 6, 2025, Turner filed the instant Motion to Revoke Detention Order, asking the Court to release him on bond because his girlfriend is expected to give birth to the couple's second child next month. The Court heard this motion on February 26, 2025. As explained below, the Court DENIES the motion because, regardless of his personal circumstances, Turner remains both a flight risk and a danger to the community.

## BACKGROUND

In this case, Turner is charged with one count of being a felon in possession of a firearm. It is Turner's second such case in this district. If convicted of the charge in this case, Turner faces up to 15 years of imprisonment.

Pretrial Services recommended that Turner be detained pending trial, concluding that

1

Turner is both a flight risk and a danger to the community.

Magistrate Judge Kimberly Altman then held a detention hearing and, at the conclusion, ordered Turner detained pending trial. (*See* Order of Detention Pending Trial, finding by a preponderance of the evidence that there is no condition or combination of conditions which will reasonably assure Turner's appearance and, by clear and convincing evidence, that there is no condition or combination of conditions which will reasonably assure the safety of the community.). Her Order of Detention noted the reasons for detention include: Defendant being subject to a lengthy term of incarceration if convicted; his lengthy prior criminal history; his participation in criminal activity while on probation, parole, or supervision; his history of violence and use of weapons; his prior failures to appear as ordered; and his prior violations of probation, parole, or supervised release. Magistrate Judge Altman noted, on the record, that Turner is alleged to have committed the instant offense while he was under dual supervision of this Court and the Michigan Department of Corrections. She also stressed that he has a history of absconding, including cutting his tether.

On February 6, 2025, Turner filed a Motion to Revoke Order of Detention. In it, Turner asks to be released on bond so that he can reside with his girlfriend, who is expecting to give birth to the couple's second child sometime in March. Turner attached a letter from his girlfriend, who states it would be helpful to have Turner with her to provide her support. If the Court is not inclined to grant his motion, Turner alternatively asks the Court to order him temporarily released so that he can be present for the birth of his daughter.

The Government opposes Turner's motion.

2

## ANALYSIS

Pursuant to the Bail Reform Act, 18 U.S.C. § 3142, a defendant may be detained pending trial only if a judge "finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). It is the Government's burden to prove by clear and convincing evidence that "no conditions of release can assure that the defendant will appear and to assure the safety of the community." *United States v. Stone*, 608 F.3d 939, 945 (6th Cir. 2010); 18 U.S.C. §§ 3142(e), 3142(f)(2)(B). To determine whether no conditions exist that will reasonably assure Defendant's appearance and the safety of the community, the Court considers the following factors from § 3142(g): 1) the nature and circumstances of the offenses charged; 2) the weight of the evidence against Defendant; 3) his history and characteristics; and 4) the nature and seriousness of the danger to any person or the community that would be posed by Defendant's release.

The Court DENIES this motion because those factors weigh against release. First, the nature and circumstances of the offense in this case weigh against release. Turner is a convicted felon and is charged with illegally possessing a firearm. This is a serious charge and it is Turner's second federal felon-in-possession-of-a-firearm case in this Court. And Turner is alleged to have committed the offense while under dual supervision of this Court and the Michigan Department of Corrections. Turner has a lengthy criminal history, that includes violence. Turner has a troubling history of absconding and failing to appear in Court. Turner actually cut his tether and absconded from parole at one point. The fact that his girlfriend is pregnant and going to give birth next month does not diminish his dangerousness and he remains

3

a serious flight risk.

## CONCLUSION & ORDER

Accordingly, IT IS ORDERED that Defendant's Motion to Revoke Detention Order is DENIED.

IT IS SO ORDERED.

Dated: March 6, 2025          s/Sean F. Cox
                                        Sean F. Cox
                                        United States District Court Judge

I hereby certify that on March 6, 2025, the document above was served on counsel and/or the parties of record via electronic means and/or First Class Mail.

                                          s/Emily Vradenburg
                                          Case Manager